UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO PAYNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAUNDER et al.,<br><br>　　　　Defendants. | No.  2:14-cv-2874 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.

**PLAINTIFF'S AMENDED COMPLAINT**

In his amended complaint, plaintiff has identified Correctional Officer Sauder as the sole defendant.  As in his original complaint, plaintiff alleges that defendant Sauder was issuing plaintiff his property and refused to give plaintiff his prayer rug and his Holy Quran.  According to plaintiff, defendant Sauder threw the Holy Quran in the trash and gave plaintiff's other property (prayer rug, radio, and fan) to an inmate that assists defendant Sauder.  Plaintiff claims that defendant Sauder confiscates inmates' property under false pretenses and gives that property to his inmate worker.  In terms of relief, plaintiff requests the award of damages.  (Am. Compl. at 3.)

/////

1

**DISCUSSION**

The court will dismiss plaintiff's amended complaint for failure to state a cognizable claim for relief.[1]  As the court previously advised plaintiff, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In his amended complaint, plaintiff has not alleged any facts suggesting that the taking of his property was authorized.  In fact, he alleges that defendant Sauder took his property under false pretenses and threw it in the trash and/or gave it to his inmate worker.  The California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq.  As such, plaintiff may not pursue this claim against the defendant for the alleged deprivation of his property without due process of law in federal court.

Plaintiff's original complaint was dismissed with leave to amend.  Plaintiff has been unable to cure the previously noted deficiencies in his amended complaint.  Based on the circumstances of this case, the undersigned concludes that it is now apparent that plaintiff cannot cure the deficiencies of his complaint, and therefore, dismissal of this civil rights action without further leave to amend is appropriate.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

---

[1] Plaintiff has previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636.  (Doc. No. 10)

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed for failure to state a cognizable claim for relief; and

2. This action is closed.

Dated:  April 21, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
payn2874.56